IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE ELIZABETH PAIZ,<br><br>Defendant.<br>                                                              / | No. CR 06-00710 WHA<br><br>**ORDER REGARDING MOTIONS TO QUASH AND PROTECTIVE ORDER** |

     Ms. Katherine Elizabeth Paiz was charged together with, but tried separately from, her ex-husband, Mr. Luis Alberto Gonzalez. At trial, Ms. Paiz was represented by Attorney Nina Wilder, and Mr. Gonzalez was represented by Attorney Dan Blank. Both were convicted. Ms. Paiz moved to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. 2255, with the aid of new counsel, Attorney Katherine Alfieri. The motion argues that Ms. Wilder provided ineffective assistance of counsel at trial. The government was ordered to show cause why the motion should not be granted. To this end, the government applied for and was granted a subpoena to take the deposition of and for the production of certain documents from Ms. Paiz's trial counsel, Attorney Wilder. Attorney Blank, on behalf of Mr. Gonzalez, has now moved to quash or modify the subpoena on the ground that the subpoena encompasses material that is subject to a joint defense privilege. Attorney Alfieri, on behalf of Ms. Paiz, has also moved to quash the subpoena and for a protective order.

1    The deposition of Ms. Wilder shall go forward as scheduled, but Attorneys Blank and
2 Alfieri may attend and object to questions they believe are privileged, on grounds of either Ms.
3 Paiz's privilege or Mr. Gonzalez's joint defense privilege, if such objections can be made in
4 good faith. Questions not objected to shall be answered. If Attorneys Blank and Alfieri do
5 object, then the witness will not answer that question until further order. Examining counsel
6 may use the deposition to obtain foundational facts to test the assertion of a privilege and to find
7 out if the alleged privileged information even played a role in the case. This type of
8 information cannot be deemed privileged. This will help illuminate the record for purposes of
9 ruling on the motions to quash. Government counsel, Attorney Blank, and Attorney Alfieri may
10 all question Ms. Wilder according to these guidelines. The Court realizes that counsel may
11 have to resume the deposition after the ruling on the motions to quash, but the first deposition is
12 a necessary step to resolve the motions and there are a lot of questions that can be answered
13 now.

14    After the deposition, the government's opposition shall be filed by **DECEMBER 16 AT**
15 **NOON**, and the replies of Attorneys Blank and Alfieri shall be filed by **DECEMBER 20 AT NOON**,
16 with a hearing on **DECEMBER 22 AT 2:00 P.M.**

17    With respect to the documents, Ms. Wilder shall gather the requested documents and
18 allow Attorneys Blank and Alfieri to review them before they are produced and before the
19 deposition. Attorneys Blank and Alfieri may pull from the production any documents they feel
20 are privileged, and these shall be placed in a separate folder and brought to the deposition by
21 Ms. Wilder. At the deposition, examining counsel may ask Ms. Wilder to open the separate
22 folder and describe each document as to its form (e-mail, memo, etc.), date, author(s),
23 recipient(s), and subject. As to each, the party asserting a privilege shall state on the record
24 why it is privileged from production. Examining counsel may test the assertion of the privilege
25 via questions that call for surrounding information without revealing the content of the
26 supposed privileged information. This procedure will likewise illuminate the record and assist
27 in ruling on the motions to quash. The briefing on the documents shall proceed as per the above
28 schedule.

1  Nothing in this order requires anyone to reveal any privileged information but it does
2  allow the parties a fair opportunity to test the claims of privilege and the extent to which, if they
3  exist, they extend.  If it is determined later that claims of privilege were too widely invoked, the
4  undersigned will consider dismissing the underlying Section 2255 motion or granting further
5  relief.

6  All discovery granted to the government, Ms. Paiz, and Mr. Gonzalez pursuant to the
7  subpoena, procedures for resolving the motions to quash, and in general related to Ms. Paiz's
8  Section 2255 motion, shall be deemed to be confidential.  This material may be used only by
9  counsel from the United States Attorney's Office, Attorney Blank, Attorney Alfieri, and their
10 legal teams and others retained to assist in litigation, and only for purposes of any proceedings
11 incident to litigating the claims presented in Ms. Paiz's Section 2255 motion.  Disclosure of the
12 contents of the documents and the documents themselves may not be made to any other persons
13 or agencies, including any other law enforcement or prosecutorial personnel or agencies,
14 without a further order.  This order shall continue in effect after the conclusion of the Section
15 2255 proceedings and specifically shall apply in the event of a retrial of all or any portion of
16 Ms. Paiz's criminal case, except that the parties maintain the right to request modification or
17 vacation of this order upon resolution of the Section 2255 motion.

18 **THE DECEMBER 7 HEARING IS VACATED** in favor of the relief stated herein.  This order
19 also vacates the government's deadline of December 10 to file an answering brief to the
20 underlying motion of Ms. Paiz; a later deadline will be set subsequent to resolution of the
21 motions to quash.

23 **IT IS SO ORDERED.**

25 Dated: November 30, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3