IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00710 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING REQUESTS TO CONDUCT LIMITED DISCOVERY AND REQUESTING BRIEFING ON DEGIDIO CLAIMS** |
| KATHERINE ELIZABETH PAIZ, | |
| Defendant. | |

　　　　On September 21, 2010, defendant Katherine Paiz filed a Section 2255 motion to vacate, set aside, or correct her sentence. An order to show cause issued and the government sought to take discovery in order to prepare its opposition to the motion. After the issuance of a deposition subpoena to defendant Paiz's trial counsel, Paiz's co-defendant and husband, Luis Gonzalez, moved to quash the subpoena on the basis that a joint defense privilege barred certain testimony by Paiz's trial counsel. An order denied that motion on December 23. Defendant Gonzalez took an appeal of that order, which appeal is proceeding on an expedited track though it remains pending.

　　　　On May 23, Section 2255 counsel filed a request for permission "to conduct limited discovery on matters completely unaffected by the interlocutory appeal." Counsel provided no specifics as to what these unaffected matters would be or what — practically — could be done now without complications given the matter on appeal. Section 2255 counsel was given an opportunity to and did file a revised submission, and the government responded.

　　　　Section 2255 counsel's revised request is not materially more specific. Counsel appears to *request permission to request* propounding specific discovery. Yet, there remain

no specific discovery requests for this order to consider, even after counsel was given a second opportunity specify such requests. As such, both submissions requesting unspecified discovery (Dkt. Nos. 447 and 449) are **DENIED**.

Counsel's submissions, however, mainly express a desire to move forward on claims one through five that allege ineffective assistance related to government witness Regina DeGidio. This order finds it appropriate to move forward just on those claims. Section 2255 counsel has already devoted thirty pages to briefing just these claims in her opening brief. Therefore, as to claims one through five only, the government shall please file its opposition, of no more than 20 pages, by **JUNE 20, 2011**. Section 2255 counsel may reply, in no more than 10 pages, by **JULY 1, 2011**.

**IT IS SO ORDERED.**

Dated: June 6, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2