IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>KATHERINE PAIZ GONZALEZ,<br><br>Defendant/Petitioner, and<br><br>LUIS ALBERTO GONZALEZ,<br><br>Defendant/Intervenor.<br>_____/ | No. CR 06-00710 WHA<br><br>**ORDER SETTING DATE FOR EVIDENTIARY HEARING AND STATUS CONFERENCE** |

Counsel were ordered to submit a joint report advising on the best course of follow up on the recent decision by our court of appeals, including all proceedings needed to resolve this Section 2255 motion at the district court. Counsel submitted a joint report, but have not reached agreement on how to proceed. This order reviews the parties' proposals and sets forth the next steps on how to proceed.

**1. PROPOSALS FOR NEXT STEPS.**

Defendant-Intervenor Luis Gonzalez's Attorney Daniel Blank proposes that it first be determined if the government still seeks to depose Attorney Nina Wilder on the issues of "the ultimate representation regarding Gonzalez's expected testimony provided to Ms. Wilder prior to her ex parte hearing on October 3, 2007" (Dkt. No. 477 at 4). If the government still seeks to obtain this information, Attorney Blank proposes that "since it is [Mr. Gonzalez's] motion and his

1  privilege at issue under the [joint defense agreement], that he submit to the Court, ex parte and
2  under seal, whatever declarations (signed under penalty of perjury) and other citations to the
3  record he believes answer the three open questions identified by the Ninth Circuit" (*id.* at 5).
4  Unless there are material factual disputes that need to be resolved, he proposes that after review
5  of the declarations and other citations to the record, the Court can then make the requisite findings
6  based upon the written record. Once the findings are made, he proposes that the parties can then
7  proceed in the normal course.

8  The government has indicated that it "continues to seek all relevant information regarding
9  Ms. Wilder's decision not to call Gonzalez as a witness." The government takes the position that
10 an evidentiary hearing is "compelled" by our court of appeals' decision, and thus proposes that a
11 "full evidentiary hearing of all relevant witnesses under oath, with all other potential witnesses
12 excluded from the Court" be conducted (*id*. at 7).

13 Attorney Blank opposes the governments' proposal on the following grounds: (1) he
14 claims it is "overhasty"and (2) he contends he "cannot simultaneously act as both counsel for Mr.
15 Gonzalez and as an excluded witness during the same proceeding. To do so would not only be
16 physically impossible but would also violate the 'advocate-witness' rule." Thus, Attorney Blank
17 states he believes these circumstances would likely force him to withdraw as counsel, which, he
18 states would require the appointment of panel counsel for Mr. Gonzalez (*id.* at 5–6).

19 Attorney Katherine Alfieri also responded to the request for a joint report, on behalf of her
20 client Katherine Paiz Gonzalez, indicating her primary interest is that any proceedings to be taken
21 are resolved expeditiously.

22 **2. NEXT STEPS.**

23 Our court of appeals has ordered the following:

24 > We therefore remand to the trial court for an (*in camera*)
> evidentiary hearing to expressly determine: (1) if the JDA
25 > implicitly ended at some point, (2) if so, when, and (3) when the
> relevant communication here (the ultimate representation
26 > regarding what Gonzalez would testify to at Paiz's trial) was made.

27 Having considered the parties' proposals and pursuant to the order of our court of appeals
28 an *in camera* evidentiary hearing will be held at **7:30 A.M. ON APRIL 4, 2012**. By **NOON ON**

**MARCH 29**, Attorneys Blank and Wilder shall each submit ex parte and under seal a declaration signed under penalty of perjury, setting forth their direct testimony. The declaration should specifically address the three questions raised by our court of appeals.

At the evidentiary hearing, Attorneys Blank and Wilder will be required to testify under oath and with other witnesses excluded from the proceeding. They will each be subject to questioning by the undersigned judge to test the assertion of the joint defense agreement, the goal being, to provide the Court with the information necessary to make factual findings regarding the three questions posed by our court of appeals. If, after the hearing, the Court determines it has not been able to resolve these three question, additional witnesses will be called to testify at a date to be determined.

Attorney Blank has the permission of this Court to withdraw as counsel for Mr. Gonzalez. Should he choose to withdraw as counsel, he must immediately begin the process for securing the appointment of new counsel for Mr. Gonzalez.

The government may submit specific questions it wants to be asked at the *in camera* hearing. The Court will consider, but not necessarily ask any questions submitted. Questions should be submitted to the Court ex parte and under seal by **NOON ON MARCH 29**.

A status conference will held at **2:00 P.M. ON APRIL 17**, to set a briefing schedule for the Section 2255 motion.

**IT IS SO ORDERED.**

Dated: March 16, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3