**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00710 WHA |
| Plaintiff/Respondent, | |
| v. | **ORDER ON REMAND** |
| KATHERINE PAIZ GONZALEZ , | |
| Defendant/Petitioner, and | |
| LUIS ALBERTO GONZALEZ, | |
| Defendant/Intervenor. | |
| _____/ | |

Our court of appeals remanded for the purpose of determining the extent and duration of a joint defense agreement between counsel for Ms. Katherine Paiz Gonzalez and Mr. Luis Alberto Gonzalez. In response to the remand order of the court of appeals, the Court held an evidentiary hearing *in camera*, as instructed. The hearing was held today and lasted approximately one hour and fifteen minutes. Two witnesses testified under oath: Attorney Daniel Blank, trial counsel for Mr. Gonzalez, and Attorney Nina Wilder, trial counsel for Ms. Paiz. Attorney Blank was represented by Attorney Mary McNamara. Attorney Wilder was represented by Attorney Doran Weinberg. The following were present in the courtroom for all testimony: Attorney McNamara, Attorney Weinberg, Attorney Josh Cohen on behalf of intervenor Mr. Gonzalez, and Steven Kalar, Public Defender. Section 2255 counsel and government counsel were not present. The transcript will be filed under seal for the benefit only

of counsel present and the court of appeals. Counsel for the government was invited to submit questions under seal and ex parte for the *in camera* inquiry but declined to do so.

Both witnesses refused to answer some questions on the advice of counsel, contending that answers to those questions would have revealed privileged information. This possibly was consistent with the opinion of the court of appeals (but the opinion did not expressly address this point). The Court is unable to say that the refusals to answer were invalid, given the fact that the appellate opinion did not require such answers (despite the *in camera* nature of the hearing). The Court nonetheless did ask further questions, which were answered.

The remand questions were: (1) Did the joint defense agreement implicitly end at some point? (2) If so, when? (3) When was the relevant communication here (the ultimate representation regarding what Mr. Gonzalez would testify to at Ms. Paiz's trial) made?

The Court finds as follows. Yes, there was a joint defense agreement. It existed during the entire period in question, including both trials at least and including the communications regarding what Mr. Gonzalez would testify to if called as a witness at Ms. Paiz's trial. The timing of the communications concerning what Mr. Gonzalez would say if called as a witness occurred both before and after the verdict in Mr. Gonzalez's case (and, of course, all were before the decision was made not to call him). Based upon the opinion by the court of appeals, these conclusions mean that the government is not allowed to inquire into any information protected by the joint defense privilege, including what counsel for Mr. Gonzalez told Attorney Wilder, Mr. Gonzalez would say on examination.

Counsel should proceed to promptly complete discovery and to exchange expert reports.

**IT IS SO ORDERED.**

Dated: April 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2